UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-159 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Nathan John Walz, | |
| Defendant. | |

---

Esther Soria Mignanelli and Joseph Scott Teirab, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, and Ben Tonkin, Department of Justice, Criminal Division, 1301 New York Avenue Northwest, Washington, DC 20005 (for the Government); and

Robert A. Lengeling, Beito & Lengeling, PA, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court on Defendant Nathan John Walz's Motion to Reconsider Detention, ECF No. 28. The Court finds that the matter is suitable for determination without a hearing and is submitted on the papers.[1] For the reasons set forth below, Defendant's motion for reconsideration of his detention is denied.

---

[1] Defendant filed his motion on June 28, 2023, requesting that the Court "consider his motion as soon as possible and set a hearing if the Court seeks further information or testimony." ECF No. 28 at 3. On June 29, 2023, the Court directed Probation and Pretrial Services ("Probation") to prepare a supplemental report and recommendation by July 6, 2023. ECF No. 29. The Court directed the Government to file its response to Defendant's motion on or before July 7, 2023, including the Government's position on whether a hearing is necessary. *Id*. The Court also directed Defendant to file any reply no later than July 10, 2023, including Defendant's position on whether a hearing is necessary. *Id*. The Court informed the parties that it would "determine whether to hold a hearing or issue a decision on the written submissions." *Id*.
  On July 7, 2023, the Government filed its Opposition to Defendant's Motion to Reconsider Detention. ECF No. 33. The Government stated that a hearing on Defendant's motion is not necessary. *Id*. at 7. Defendant did not file a reply by the deadline. Nor has he done so as of the date of this Order. Further, Defendant did not otherwise argue why a hearing on the motion is necessary. Having reviewed the papers and considered the parties' positions, the Court finds that the matter is suitable for determination without a hearing.

1

# I. BACKGROUND

In April 2023, the Government charged Defendant in a three-count Indictment with possession with intent to distribute methamphetamine, felon in possession of a firearm, and possession of a firearm in furtherance of drug trafficking. ECF No. 1. At his initial appearance on May 3, 2023, the Government moved for detention and the Court ordered Defendant temporarily detained. ECF No. 12.

On May 8, 2023, Defendant appeared for a detention hearing before Magistrate Judge John F. Docherty. ECF Nos. 16, 17. According to the Government, Defendant opposed detention "based largely upon [his] health condition, including the facts that he was diagnosed with chronic obstructive pulmonary disease in 2017 and with end stage heart failure in 2020." Gov't's Opp. at 1. The Court ordered Defendant detained, finding that the Government "met its burden of showing by clear and convincing evidence that there is no condition or combination of conditions that would reasonably ensure the safety of the community." ECF No. 21 at 3. The Court further found that Defendant's "history of violations, and the nature and seriousness of the offenses charged, all support the conclusion that the risk to the community cannot be addressed through any conditions imposed." *Id*. The Court noted that "no condition or combination of conditions short of detention will reasonably assure the safety of the community." *Id*. The Court noted, however, that Defendant may request reconsideration of the Court's decision in light of his medical condition or care. *See* Def.'s Mot. at 1 ("Magistrate Judge Docherty invited [Defendant] to request reconsideration of detention if [his] healthcare needs are not met or his health deteriorates to a degree requiring intervention."); Gov't's Opp. at 1-2 ("The court

. . . suggested that, if there was information that detention impacted the defendant's placement on the heart transplant list, then there may be a basis to reopen the question of detention.").

Defendant is currently detained at the Sherburne County Jail in Elk River, Minnesota, awaiting trial. Def.'s Mot. at 1.

## II. ANALYSIS

Defendant requests reconsideration of his detention "based on his ongoing, serious health problems." Mot. at 1. Although Defendant cites no legal authority in support of his motion, 18 U.S.C. § 3142 applies to the release or detention of a defendant pending trial. Defendant appears to argue that his medical condition constitutes a compelling reason for his release. 18 U.S.C. § 3142(i) allows for the detained person's "temporary release" upon determining "such release to be necessary for preparation of the person's defense or for another compelling reason." The Government opposes Defendant's motion under 18 U.S.C. § 3142(f), which permits a detention hearing to be reopened when there is information that was not known at the time of the hearing "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the person detained] . . . and the safety of any other person and the community."

### A. Basis for Reconsideration

According to Defendant, he was diagnosed with chronic obstructive pulmonary disease in 2017, was diagnosed with congestive heart failure in 2020, and is a candidate for a heart transplant. Def.'s Mot. at 1. Defendant's heart pumps at a significantly

diminished capacity. *Id*. at 2. Therefore, Defendant requires regular appointments and consistent medication to manage his condition. *Id*. at 2.

Defendant contends that he "is experiencing health care problems that require him to be released on conditions so he can re-engage with his healthcare providers." *Id*. at 1. For example, Defendant notes that he is receiving only three of his nine prescribed medications at the Sherburne County Jail. *Id*. at 1. Defendant also reports that he receives one medication late in the day, which affects his ability to sleep through the night. *Id*. Additionally, Defendant states that he feels sick, which is likely caused by fluid in his chest that needs to be drained. *Id*. at 2. According to Defendant's counsel, Defendant "shows increasing puffiness, especially in his face," which is a sign of fluid build up and other problems. *Id*.

Defendant also argues that his detention at the Sherburne County Jail affects his condition negatively. *Id*. at 2. He contends his detention, while "not an absolute barrier to receiving a [heart] transplant," could affect his ability to remain a viable candidate if an organ becomes available. *Id*. Defendant notes that patients must have a demonstrable history of medication compliance and consistent attendance at appointments. *Id*. Defendant further notes that he is exposed to a higher bacteria or viral infection risk in the county jail, which could be viewed negatively by the committee considering candidates for transplants for a sufficient change of long-term success. *Id*. Further, Defendant contends that "he would certainly be bypassed for a procedure now because transport to a surgical center could not be arranged quickly enough under even ideal circumstances." *Id*.

4

Defendant requests that he be conditionally released to his mother's home on "electronic monitoring with the condition he must attend appointments at his healthcare provider's office." *Id*. at 3. According to Defendant, his focus during his release "will be on stabilizing his medications, regular doctor visits, and maintaining his overall health." *Id*. He contends that he is not a flight risk or danger to the community because of his health problems. *Id*.

### B. Recommendation of Probation

Following Defendant's request for reconsideration, the Court received an updated report from Probation. *See generally* ECF No. 31. Probation reports that medical records show that while Defendant was on cardiac medications after a procedure in February 2023, several prescriptions were discontinued in April 2023 due to the medication causing low blood pressure. *Id*. at 2. According to the U.S. Marshals Service, Sherburne County Jail is administering prescriptions to Defendant as prescribed. *Id*. Further, Probation reports that the Sherburne County Jail has attempted to coordinate a cardiac appointment for Defendant. *Id*. An appointment was scheduled for July 3, 2023, but that appointment was rescheduled to a later date due to an unrelated incident at the clinic. *Id*.

Probation recommends against Defendant's release based on the seriousness of the pending charges, his criminal history, and his history of failure to appear, among other risk factors. *Id*. (citing ECF No. 30). Probation also notes that Defendant receives his medication as prescribed and that the Sherburne County Jail can accommodate Defendant's medical appointments. *Id*. Additionally, Probation notes that Defendant has active felony

5

warrants in Rice County and Hennepin County. *Id*. "[T]herefore, if afforded release, he would be transferred to the Hennepin County Jail," not his mother's house. *Id*.

### C. Section 3142(f)

As stated above, § 3142(f) permits a detention hearing to be reopened if there is information that was not known at the time of the hearing "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of . . . [the detained] person . . . and the safety of any other person and the community." 18 U.S.C. § 3142(f). Its function "is to allow parties to present new information that increases the likelihood a defendant would appear in court or decrease[s] the potential danger a defendant poses to an individual or the community as a whole." *United States v. White*, No. 19-cr-204 (ECT/BRT), slip op. at 3 (D. Minn. Apr. 1, 2020).

The Court first considers whether Defendant has presented the Court with information that "was not known to [Defendant] at the time of the hearing." 18 U.S.C. § 3142(f)(2)(B). The existence of Defendant's chronic obstructive pulmonary disease, congestive heart failure, and need for a heart transplant were all known to Defendant at the time of his detention hearing, and Defendant presented his argument for release based on his medical condition at his original detention hearing. While Defendant alleges that circumstances have changed, including that he is not receiving his prescription medications and cannot attend his cardiac appointments, these allegations are unsubstantiated. As Probation notes, Defendant is receiving his medication as prescribed at the Sherburne County Jail, and the U.S. Marshals Service and the Sherburne County Jail are able to accommodate Defendant's medical appointments. Accordingly, the Court finds that

6

Defendant's medical condition is not a material changed circumstance which warrants the relief Defendant requests.

Moreover, even assuming that Defendant's medical condition constituted a changed circumstance that was not known to Defendant at the time of his detention hearing, it does not change the Court's decision on Defendant's release. Though the Court is sympathetic to Defendant's medical conditions and concerns, they have no "material bearing" on § 3142(f)'s central question, namely, whether Defendant "poses a flight risk or danger to the community." *See* 18 U.S.C. § 3142(f), (g)(4); *United States v. Hudson*, No. 20-cr-27 (SRN/DTS), 2021 WL 4352359, at *3 (D. Minn. Sept. 24, 2021) (citing *United States v. Jones*, No. 1:17-cr-00582-CCB-2, 2020 WL 1323109, at *1 (D. Md. Mar. 20, 2020) ("[T]he statute requires the Court to evaluate '*the danger*' that 'would be posed *by the person's release*.'")). They are, in essence, ones of diminished opportunity rather than decreased risk. In this case, Defendant was detained after allegedly possessing 5 grams or more of methamphetamine, as well as allegedly possessing a firearm unlawfully. He has a history of release non-compliance, criminal activity while under supervision, and weapons use. Defendant was living with his mother at the time of the offense—at the same place he requests release to now. And, the location monitoring he proposes does little to reduce the danger posed by his release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) ("While the location monitoring that he proposes may offer useful information about where he is, it provides little useful information about what he is doing . . . ."). Based on the reasons outlined by the Court at Defendant's original detention hearing, this Court finds that, even assuming Defendant has

7

presented changed circumstances, he presents a risk of danger such that no condition or combination of conditions would reasonably assure the safety of the community.

In sum, Defendant's medical condition says little about his ability to abide by conditions of release and does not have a material bearing on the prior finding that there is no condition or combination of conditions that would assure that Defendant would not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3142(f). The Court also is not convinced that Defendant's medical condition is a material change of circumstances warranting a renewed evaluation of the prior detention order in this case.

### D. Section 3142(i)

Section 3142(i) permits, in relevant part, temporary release for a "compelling reason." 18 U.S.C. § 3142(i). "Courts have used this provision 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.'" *United States v. Dodd*, No. 20-cr-16 (NEB/HB), 2020 WL 1547419, at *3 (D. Minn. Apr. 1, 2020) (quoting *United States v. Hamilton*, No. 19-cr-54-01 (NGG), 2020 WL 1323036, at *2 (E. D. N.Y. Mar. 20, 2020)). "A defendant bears the burden of establishing circumstances exist that would warrant temporary release under section 3142(i)." *United States v. Hoatland*, No. 17-00106-01-CR-W-BCW, 2021 WL 203440, at *2 (W.D. Mo. Jan. 20, 2021) (citing *United States v. Clark*, 448 F.Supp.3d 1152, 1155 (D. Kan. 2020)); *accord United States v. Lunnie*, No. 4:19-cr-00180 KGB, 2020 WL 1644495, at *1 (D. Ark. Apr. 2, 2020).

An individual's significant health conditions, particular comorbidities, and other unique circumstances may present the rare case of release for "compelling reasons" under

§ 3142(i). This, however, is not that case based on the information before the Court. As discussed above, Probation confirmed that Defendant is receiving his medication as prescribed at the Sherburne County Jail and that the U.S. Marshals Service and the Sherburne County Jail are able to accommodate Defendant's medical appointments. While Defendant contends that he feels like he has fluid build-up in his chest and may need a procedure to drain fluid in his chest, the jail is able to accommodate Defendant's medical appointments. As Probation notes, the U.S. Marshals Service attempted to coordinate a cardiac appointment for Defendant, but the clinic rescheduled it due to an unrelated incident. Defendant's remaining arguments that his release is necessary are speculative and unconvincing. *See* Def.'s Mot. at 2 (stating that detention affects his ability to remain a viable candidate for a heart transplant but admitting that "incarceration is not an absolute barrier to receiving a transplant"); Def.'s Mot. at 2 (speculating that Defendant "would certainly be bypassed for a procedure now because transport to a surgical center could not be arranged quickly enough under even ideal circumstances"); Def.'s Mot. at 2 (speculating that Defendant is at risk of not being able to breath, "which could go undetected in the jail before staff can take action").

To be clear, the Court is not indifferent to Defendant's medical condition. The Court appreciates that confinement may not be the preferred, optimal environment for someone with his condition. But, these less-than-ideal circumstances do not provide a compelling reason for Defendant's release when viewed in conjunction with the serious safety concerns that formed the basis of his detention in the first place. Accordingly, the Court

concludes that Defendant has not established compelling reasons sufficient to persuade the Court that temporary release is necessary.

### III. ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider Detention, ECF No. 28, is **DENIED**.

Date: July __18__, 2023                         _s/ Tony N. Leung_
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *United States v. Walz*
                                                Case No. 23-cr-159 (SRN/TNL)