**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

UNITED STATES OF AMERICA,    Court File No. 23-cr-159 (SRN/TNL)
                Plaintiff,

v.    **DEFENDANT'S POSITION**
      **ON SENTENCING**

NATHAN JOHN WALZ,
                Defendant.
_____

      The Defendant, Nathan Walz, by and through his attorney, respectfully submits the following sentencing position. Walz was convicted on all three counts in the Indictment following a jury trial. The PSR recommends a total sentence of 120 months based on two mandatory consecutive 60 month sentences for Counts 1 and Count 3. The guideline range on Count 1 is 37-46 months, which is much less than the minimum. In light of the guideline calculation, Walz requests the Court follow the PSR recommendations. The statutory mandatory minimum is a total 120 months.

      There are no outstanding objections to the PSR that require a ruling from the Court. However, Walz disagrees his case is related to any of the cases listed in the PSR on p. F.2 and he maintains that nobody calls him by the nicknames on p. F.3. He understands the final PSR will include this information anyway. He made several other revision requests, some of which were adopted by the PSR author.

      The instant matter proceeded to jury trial on what appeared to many observers to be a difficult set of facts for the defense. The question Walz presented at trial was whether he was engaged in the distribution of drugs at the time of his arrest or simply in

possession of those drugs for his personal use. The same argument applied to the firearm found in his vehicle. Walz denied using the weapon in furtherance of drug distribution. At trial, the jury got a close up view of the toll drug abuse takes on a person's life. The body cam video footage shown at trial revealed a devastatingly realistic portrayal of a person in crisis. The breadth of evidence offered at trial showed us that Walz was at worst a lower-level drug dealer. But, by November 1, 2022 Walz argues he was living out of his car and not offering his small stash of drugs for sale.

  The fact this case even happened, and went all the way to trial, was unnecessary on different levels. Walz did not have the type of abusive childhood many similarly situated defendants report. He undoubtedly had his own setbacks and challenges as teenager, and the strained relationship with his stepfather caused some dysfunctional family dynamics. Yet, Walz was not on a predetermined path to where he sits today. He looks back on his life with remorse for not taking advantage of opportunities for course correction. Walz basically disappeared from his family for a number of years and fell into trouble during that time. Meanwhile, Walz had the constant support of his mother even if Walz was deliberately keeping his distance.

  Counsel for Walz is also frustrated by the manner in which this case was prosecuted. At every turn, the Government took the opportunity to try to paint a picture of Walz as a hardened gang member. Yet, the trial ultimately was not about gangs at all. The Government may hold a theory about Walz' alleged relationship with gangs, but the trial did not feature that type of evidence. Walz questions the Government's lack of motivation in negotiating before trial and the constant gang talk when that has nothing to

do with this case. Press releases by the US Attorney's Office following the conviction named Walz as a known Minneapolis gang member. Now, Walz' family feels unfairly scrutinized when they had nothing to do with any of this. It also puts Walz in a terrible position as he enters the Bureau of Prisons because he seeks a lower security classification.

Meanwhile, Walz has a serious medical condition with his diagnosis of congestive heart failure and he clearly needs drug treatment. Walz requires medical attention as soon as possible for his heart condition. Counsel is aware Walz is in need of an eventual heart transplant. In order to maintain consideration for a transplant, Walz must have consistent care and he must do other preventative care. As an example, Walz reports dental issues that he must have addressed. He cannot have an infection from a lack of dental care because it can then be carried in the bloodstream. He could develop clots or infections in other parts of the body. Walz is very concerned about his well being.

The sentence in the instant matter must be 120 months based on 60 months for the first two counts grouped together and consecutive 60 months for Count 3. Walz asks the Court to recommend initial designation to a medical facility. He further requests placement in Minnesota to the extent possible.

                                              Law Office of Robert A. Lengeling, PLLC

Date:__November 20, 2023_____        By _____*s/ Robert A. Lengeling*_____
                                                        Robert A. Lengeling, #304165
                                                        Flour Exchange Building
                                                        310 Fourth Ave S, Suite 1050
                                                        Minneapolis, Minnesota 55415
                                                        (612) 963-1555 / (612) 333-8003 fax
                                                         rob@beitolengelinglaw.com
                                                        ATTORNEY FOR DEFENDANT